IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

YOLANDA COLEMAN
4113a N. 7th Street
Milwaukee, WI 53209

MARCOS KING
6656 N. 55th St
Milwaukee, WI 53223

and

MARLON ROCKETT
4460 S. Howell Ave.
Milwaukee, WI 53207

    Plaintiffs,

    v.                                                      Case No.:    17-cv-1789

ATL'S EMPOWERMENT SIL FACILITY, INC.,
and LYNN HARTENBERGER
600 West Garfield Ave
Milwaukee, WI 53212

    Defendants.

## COMPLAINT

### INTRODUCTION

1. This is an action against Defendants ATL'S Empowerment SIL Facility, Inc. and Lynn Hartenberger ("Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the wage and hour laws of Wisconsin.

2. This action alleges that in September 2017 Defendants opened a residential treatment facility, but that they failed to fully compensate employees who performed work on the

1

facility prior to its opening in September 2017 and after the facility began accepting residents in September 2017.

3. Through such claims, Named Plaintiffs seek compensation for the full amount of their unpaid wages, overtime and, other forms of relief including all penalties, liquidated damages, and other damages permitted by law; all other forms of relief permitted by law; and reasonable attorneys' fees and costs.

**JURISDICTION AND VENUE**

4. This court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

5. This Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367 because all other such claims arise in and are so related that they form part of the same case or controversy as the aforementioned claims.

6. The Eastern District of Wisconsin has personal jurisdiction over Defendants because Defendants maintain facilities within the District, perform work in the District, and are subject to jurisdiction within the District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (d) because Defendants are corporations subject to personal jurisdiction within the District at the time this action is being commenced.

**PARTIES**

8. Defendant, ATL's Empowerment SIL Facility, Inc. (hereafter "ATL") is a Wisconsin Corporation which operates a residential care facility. The primary office for ATL and its registered agent, are located at 600 West Garfield Ave, Milwaukee, WI 53212.

9. Defendant, Lynn Hartenberger is the principal agent of ATL. Defendant Hartenberger was one of the individuals responsible for failing and refusing to pay employees for all hours worked. Defendant Hartenberger acted directly or indirectly in the interest of ATL in relation to employees.

10. Plaintiffs, Yolanda Coleman, Marcos King, and Marlon Rockett ("Named Plaintiffs) were employed by Defendants until October 2017. During their employment, each of the Plaintiffs performed uncompensated work for the Defendants. Copies of the FLSA consent forms signed by the Plaintiffs are attached to this complaint at Exhibit A.

**FACTS**

11. Defendants have been employers and enterprises engaged in commerce within the meaning of 29 USC § 203(s)(1).

12. Defendants employed Named Plaintiffs to perform work at a residential treatment facility located at 600 West Garfield Ave in Milwaukee (hereafter "the Facility").

13. At the time they were hired by the Defendants, the Facility had not yet opened nor were there residents at the Facility.

14. To prepare the Facility to receive residents, the Named Plaintiffs (and others) were engaged by the Defendants to perform work on the facility and to participate in training for the Facility.

15. To assist Defendants in obtaining the appropriate certifications necessary to open the facility, the Named Plaintiffs also performed other work related to the ATL business.

16. Defendants encouraged Named Plaintiffs to continue working and assured them that they would be paid for all hours worked.

3

17. Until November 2017, Defendants failed to pay Named Plaintiffs any wages, including minimum wages, full wages, or overtime.

18. Upon demand by Named Plaintiffs, Defendants paid only a portion of the wages due to them and only wages earned after September 24, 2017.

## FIRST CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME
## COMPENSATION IN VIOLATION OF THE FLSA

19. Named Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

20. The Company is an employer within the meaning of 29 U.S.C. § 203(d).

21. Named Plaintiffs were employees within the meaning of 29 U.S.C. § 203(e).

22. Named Plaintiffs were non-exempt employees under 29 U.S.C. §213(a), since they fail to meet the criteria for any exemption under the FLSA.

23. The FLSA requires each covered employer to compensate all nonexempt employees at a rate not less than the federal minimum wage for all hours worked.

24. During the applicable statute of limitations, Named Plaintiffs performed work for which they received no compensation.

25. During the applicable statute of limitations, Named Plaintiffs performed work in excess of forty (40) hours per week without receiving overtime compensation.

26. These practices violate the FLSA, including, but not limited to, 29 U.S.C. §§ 206, 207, and have caused Named Plaintiffs to suffer wage losses.

27. Defendants knew or showed reckless disregard for the fact that they failed to pay Named Plaintiffs overtime and minimum wage compensation in violation of the FLSA.

4

## SECOND CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME AND MINIMUM WAGE
## COMPENSATION IN VIOLATION OF WISCONSIN LAW

28. Named Plaintiffs individually allege and incorporate by reference the allegations in the preceding paragraphs.

29. Defendant is an employer within the meaning of Wis. Stat. §§ 103.001(6) and 104.01(3).

30. At all relevant times, Named Plaintiffs were employees within the meaning of Wis. Stat. §§ 103.001(5) and 104.01(2).

31. Under Wisconsin law, employers must promptly compensate employees for all hours worked at their regular rate of pay. Wis. Stat. § 109.03.

32. Wisconsin law requires employers to compensate employees at time and one-half the regular rate of pay for all hours worked in excess of 40 hours per week. Wis. Stat. § 103.02; Wis. Adm. Code DWD § 274.03.

33. Pursuant to Wis. Stat. § 109.03(5), employees have a right of action against their employer for the full amount of wages due. Such a right extends to the collection of past due overtime wages and unpaid straight-time wages.

34. Named Plaintiffs performed work for which Defendants did not pay wages.

35. Because Named Plaintiffs performed work for which they did not receive compensation, Named Plaintiffs are entitled to any regular wages for hours worked, up to forty hours per week, for which Plaintiffs were not paid. Wis. Stat. § 109.03(5); Wis. Adm. Code DWD § 272.12.

36. Named Plaintiffs are entitled to overtime wages for unpaid hours worked in excess of forty hours per week. Wis. Stat. § 109.03(5), Wis. Adm. Code DWD § 274.03.

37. By failing to pay Named Plaintiffs wages for all hours worked, Defendant violated Wis. Stat. § 109.03(1), (5).

38. By requiring Named Plaintiffs to work hours in excess of forty (40) per week and failing to pay Named Plaintiffs their unpaid wages for overtime and for all hours worked, Defendant violated Wis. Stats. §§ 103.02 and 109.03(1).

39. Named Plaintiffs are entitled to damages in the amount of the unpaid wages earned and due as provided by Wis. Stat. §§ 103.03, 104.03, and 109.03 and any penalties due under Wis. Stat. § 109.11, as well as such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands the following relief:

A. Award Named Plaintiffs their unpaid regular hourly rate of pay for hours of work up to forty hours per week and their unpaid overtime rate of pay for all hours of work in excess of forty hours per week;

B. Award an additional amount under federal law as liquidated damages, equal to the amount awarded in ¶A of this prayer for relief pursuant to federal law;

C. Award an additional amount under Wisconsin state law in the amount of 50% of the amount of wages due and unpaid awarded in ¶B of this prayer for relief pursuant to state law;

D. Enter an order permanently enjoining and restraining Defendant from violating the provisions of Wisconsin state law and federal law;

E. Award Named Plaintiffs' attorneys their reasonable fees and costs of this action; and

F. Grant all plaintiffs such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated this 26th of December, 2017.

/s/ Nathan D. Eisenberg
Nathan D. Eisenberg
nde@previant.com
THE PREVIANT LAW FIRM, S.C.
310 West Wisconsin Ave, Suite 100 MW
Milwaukee, WI 53203
Tel:   414-271-4500
Fax:   414-271-6308

ATTORNEYS FOR PLAINTIFFS